[No. 13115.   Department Two.   May 12, 1916.]

B. J. Lyons *et al., Respondents,* v. Ralph Ingle *et al., Appellants.*[1]

Waters and Water Courses — Private Ditch — Prescriptive Rights—Easements—License to Use.  Plaintiffs can gain no prescriptive right to an easement in a ditch on defendant's adjoining land diverting water controlled and used by defendants for their own use, from the fact that they used surplus waters from a pool formed near the boundary line and annually assisted in cleaning out the ditch, where such use was not exclusive, and they evidently were mere licensees, and there was no evidence from which a certain flow could be assigned to them.

Appeal from a judgment of the superior court for Lincoln county, Sessions, J., entered May 25, 1915, upon findings in favor of the plaintiffs, in an action in equity, tried to the court.  Reversed.

*H. N. Martin, Merritt, Lantry & Merritt,* and *Merritt, Jesseph & Merritt,* for appellants.

*W. E. Southard,* for respondents.

Bausman, J.—This is a suit to compel defendants to recognize in plaintiffs the right to use a ditch upon defendants' land, together with a flow of water through it to that of plaintiffs'.  The two farms adjoin, and the waters of Crab creek, running through defendants' land in a main channel, are turned aside within the latter tract in the direction of plaintiffs'.  According to plaintiffs, this diversion is by a natural channel, but we are satisfied that there is no such channel and only an uncertain slough, and that the water was artificially extended by defendants' grantor. Thus extended, it forms, not far from the dividing line of the two places, a sort of pool from which it was connected with plaintiffs' tract by a ditch.  In this ditch plaintiffs claim

[1]Reported in 157 Pac. 460.

an easement a sufficient number of years before the commencement of the action to establish a legal right.

The evidence clearly preponderates against plaintiffs. They concede that the ditch was built in the first instance at the request and for uses of the defendants' grantor, that upon his land it has always been used concomitantly for his own agriculture, that it has been relocated without their being consulted. beforehand, and that at no time was any use of theirs in it exclusive. The surplus waters they did enjoy, but it is not clear that at any time they ever got more than the surplus. Nothing indicates that they ever received any water other than what defendants had to spare.

Plaintiffs are not formal appropriators from a public stream, conducting it for their own sole purposes through a neighbor's farm, but merely tolerated tappers upon another's land, diverting only from a pool or basin within that land. Nor are they able to state even the quantity which is to go to them. There was no proper evidence from which the lower court could assign them an exclusive right to a certain flow. That they were mere licensees is evident at every turn of the. testimony and frequently from their own. We see nothing in the circumstance that they did, by their own labor, annually clean this ditch and trim its edges, a task that they concede would not take above five days in the year and which would be but a neighborly return.

Nothing is to be more jealously guarded than these encroachments. A succession of friendly courtesies, however long extended, must not be hastily construed into legal right. It being manifest that there was at times not enough water even for defendants, the proof should be clear that would give part away forever.

Judgment is reversed and the action ordered dismissed.

MORRIS, C. J., MAIN, HOLCOMB, and PARKER, JJ., concur.